## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SANDRA M. GRACE,
           Appellant,

        v.

UNITED STATES POSTAL SERVICE,
           Agency.

DOCKET NUMBER
CH-0752-15-0463-I-1

DATE: September 1, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jack Barry, Littleton, Colorado, for the appellant.

Deborah W. Carlson, Chicago, Illinois, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed her removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The agency removed the appellant, a Supervisor of Customer Service at its University City branch in St. Louis, Missouri, on a single charge of Inappropriate Conduct, supported by a long narrative concerning a September 26, 2014 verbal altercation with her supervisor. Initial Appeal File (IAF), Tab 6 at 19-28. After holding a hearing, the administrative judge affirmed the agency's action. IAF, Tab 18, Initial Decision (ID). The administrative judge found that the agency's witnesses testified consistent with their contemporaneous written statements and were therefore more credible than the appellant and her witnesses, who made their written statements months after the altercation and presented inconsistent testimony at the hearing. ID at 8-11. The administrative judge also found "the appellant's disrespectful and insubordinate conduct to be improper, especially for an individual in a supervisory position," like the appellant. ID at 11.

¶3 The administrative judge rejected the appellant's affirmative defense of harmful procedural error, finding that the agency did not punish the appellant twice for the same misconduct, but instead utilized emergency placement to put the appellant in an off-duty, nonpay status for 9 days as provided for in

section 651.4 of its Employee and Labor Relations Manual (ELM) because it had reason to believe that she had engaged in actions that were disruptive to the agency's day-to-day operations. ID at 12-14. The administrative judge further found that the agency established a nexus between the appellant's misconduct and the efficiency of the service and that the penalty was within the tolerable limits of reasonableness. ID at 14-16.

¶4      In her petition for review, the appellant argues that the administrative judge incorrectly found that her removal was not barred by her prior 9-day placement in an off-duty, nonpay status for the same misconduct. Petition for Review (PFR) File, Tab 1. The agency responds in opposition, and the appellant provides a reply to the agency's response. PFR File, Tabs 3-4.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶5      The Board has long held that an agency may not discipline an employee more than once for the same misconduct. *See Westbrook v. Department of the Air Force*, 77 M.S.P.R. 149, 155 (1997); *Adamek v. U.S. Postal Service*, 13 M.S.P.R. 224, 226 (1982). A "suspension," which is an adverse action under 5 U.S.C. chapter 75, is defined as "the placing of an employee, for disciplinary reasons, in a temporary status without duties and pay." 5 U.S.C. § 7501(2). There is no dispute that the agency, pursuant to section 651.4 of the ELM, placed the appellant in a temporary status without duties and pay for 9 days before proposing and effecting her removal. ID at 12; IAF, Tab 6 at 31.

¶6      The pertinent question in determining whether the agency's actions constituted double punishment for the same offense is whether the reason for the two actions, i.e., the emergency placement and the removal, was the same. *Cf. Bradley v. U.S. Postal Service*, 96 M.S.P.R. 539, ¶¶ 12-13 (2004) (finding that the appellant's placement into an unpaid, nonduty status under the collective bargaining agreement between the agency and the appellant's union was for a different reason, i.e., protecting the appellant and his coworkers, than was his

subsequent disciplinary suspension for misconduct). Further, we note that the Board generally lacks the jurisdiction to consider a suspension of 14 days or less.[2] *E.g.*, *Harrison v. U.S. Postal Service*, 26 M.S.P.R. 37, 38-39 (1985).

¶7      The record shows that even though the appellant's emergency placement and her removal both stem from the same episode, the agency took each of those actions for different reasons. We agree with the administrative judge that the agency established that it utilized the emergency placement procedure in this instance as an interim protective measure to prevent future disruption, not to discipline the appellant for her conduct. ID at 13-14. The customer service manager that effected the emergency placement testified that the disrespect and discourteousness the appellant consistently showed him significantly interfered with his ability to manage the other supervisors under his authority. IAF, Tab 17, Hearing Transcript, Oct. 14, 2015, at 14-15.

¶8      Accordingly, because the record reflects that the agency effected the appellant's emergency placement under section 651.4 of the ELM and her subsequent removal for distinctly different reasons, using emergency placement as an interim protective measure and then removing her as discipline for her misconduct, we affirm the initial decision.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

[2] We further note that the notice letter effecting the appellant's placement in a nonpay status informed her that the decision could be appealed under the grievance/arbitration provisions of the ELM. IAF, Tab 6 at 31.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:          _____
                        Jennifer Everling
                        Acting Clerk of the Board

Washington, D.C.